**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JABEZ REZENE GEBREMARIAM,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF CALIFORNIA CENTER, ICE FIELD OFFICE DIRECTOR, SECRETARY OF DHS, U.S. ATTORNEY GENERAL,<br><br>Respondents. | Case No.: 1:26-cv-04552 JLT HBK (HC)<br><br>A-Number: 241-304-404<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART<br><br>(Docs. 1, 15) |

Jabez Rezene Gebremariam is an immigration detainee in U.S. Immigration and Customs Enforcement custody at the California City Detention Facility in California City, California, proceeding pro se on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.)

On September 24, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition in part and direct Respondents to provide Petitioner with a bond hearing at which Respondents must establish by clear and convincing evidence that Petitioner poses a danger to the community or flight risk. (Doc. 15.) The magistrate judge concluded the abuse of the writ doctrine did not apply because his first petition was denied on grounds that have now been conclusively rejected by the Ninth Circuit. (*Id*. at 3–4.) In addition,

as the magistrate judge explained, this Court has ordered bond hearings on numerous occasions for similarly situated petitioners who were previously released on some form of parole or recognizance. *E.g., M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *12 (E.D. Cal. Nov. 24, 2025). The findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within five days after service. (*Id.*) The parties were "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 10, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)

On September 24, 2026, Respondents filed, without argument or specific objections, the September 4, 2026 order from an Immigration Judge granting Petitioner's request to withdraw his request for a custody redetermination without prejudice so he could seek counsel and gather additional information; the notice of custody hearing on September 4, 2026; and the August 21, 2026 notice of custody determination indicating Petitioner received the notice of his detention and requested a review of the custody determination. (Doc. 16.) Presumably, Respondents present these materials to suggest that the Petition should be denied for failure to exhaust. The Court declines to do so under the circumstances for the following reasons.

Section 2241 of Title 28 of the United States Code "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted). Here, the Court finds that the offered custody

redetermination hearing would not remedy the due process violation because under this Court's prior orders Petitioner is entitled to a prompt, post deprivation process; he had been in custody for approximately nine months before DHS convened the custody redetermination hearing; it remains unclear how quickly an administrative bond hearing could be provided once he again requests one; and the burden of proof applicable in an administrative hearing would not be the same as the one this Court will order.[1]

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Based upon the foregoing, the Court **ORDERS**:

1. The findings and recommendations issued on September 24, 2026 (Doc. 15) are **ADOPTED** in full;
2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED in part** as follows:
    a. Within **14 days of the date of service of this order**, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id*. at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

[1] Standing alone, the Court would not necessarily find the desire to obtain a slightly more advantageous bond procedure sufficient to demonstrate that the administrative custody redetermination procedure is "inadequate." The Court excuses exhaustion here having considered the unique circumstances of this case, including the denial of his first habeas petition followed by the Ninth Circuit's reversal of the legal basis for that denial.

b. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

c. Respondents **SHALL** provide a copy of this Order to the Immigration Judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

3. If released, Respondents are **PERMANENTLY ENJOINED AND RESTRAINED** from rearresting or re-detaining Petitioners absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that they are likely to flee or pose a danger to society if not arrested.[2]

4. The Clerk of Court is directed to serve the California City Detention Facility in California City, California with a copy of this Order.

5. The Clerk of the Court is directed to terminate all pending deadlines/motions and close this case.

IT IS SO ORDERED.

Dated: October 4, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondents **SHALL** provide a bond hearing in the timeframe required by law.